

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIK JOHNSON and MATTHEW TOPORSKI, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>PINSTRIPES, INC., PINSTRIPES NORTHBROOK, LLC, and DALE R. SCHWARTZ,<br><br>Defendants. | Case No. 12 C 1018<br><br>Judge Gettleman<br><br>Magistrate Judge Keys |

## ORDER GRANTING FINAL APPROVAL

The Parties, having appeared before the Court on February 3, 2015, for a hearing on Final Approval of the Class Action Settlement in the above-captioned matter, the Court having reviewed the Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the Parties, as well as the Parties' presentation at the hearing on Final Approval, and otherwise being fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court finds that the Parties' Class Action Settlement satisfies the requirements of Rule 23.

2. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Class ("Class Members") via First Class mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the final approval hearing

regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of how to obtain additional information from Class Counsel, or to request a detailed class notice. The Court finds that the Class Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

3. The Court hereby approves the proposed Settlement Agreement and finds that the Settlement is fair, reasonable, and adequate to all Class Members. The Court finds that the strength of Class's case on the merits, weighed against Defendants' defenses, and the complexity, length, and expense of further litigation, support approval of the Settlement. The Gross Settlement Amount of $390,000.00, as set forth in the Settlement Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties. The Settlement has the support of Class Counsel and Counsel for Defendants, both of whom have significant experience representing parties in complex class actions in the wage and hour area. No objection to the Settlement was made by any Class Member, and no Class Member requested exclusion. These facts likewise support approval. Finally, the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

4. Defendants, shall issue Settlement Payments checks for each Class Member from the Settlement Fund, as set forth in Section IX of the Settlement Agreement, and tender those checks to Class Counsel for distribution to the Class Members.

5. The Court finds that Class Representatives Erik Johnson and Matthew Toporski, in prosecuting the case on behalf of the absent Class Members, made a substantial contribution to its outcome, and therefore deserve a service award in recognition of their efforts. Service

Awards in the amount of $10,000.00 each are therefore approved for Class Representatives Johnson and Toporski from the Gross Settlement Amount, and Defendants are to forward a check in that amount to Class Counsel, payable to each Class Representative, as set forth in Section IX of the Settlement Agreement.

6. Class Counsel are awarded one-third ($^1/_3$) of the Gross Settlement Amount, or $130,000.00, payable as set forth in as set forth in Section IX of the Settlement Agreement. Class Counsel are further awarded $11,358.48 in litigation and administration costs. Attorneys' fees and costs shall be paid from the Gross Settlement Amount by Defendants as set forth in Section IX of the Settlement Agreement.

7. The Settlement Payments, the Service Award and attorneys' fees and costs shall be paid consistent with the distribution timeline set forth in the Settlement Agreement, Section IX.

8. Consistent with the Settlement Agreement, Paragraph 9.7, Defendants are responsible for the employer's portion of payroll taxes on the wage portion of the Settlement Payments from their own funds, and not from the Gross Settlement Amount.

9. Any Unclaimed Funds from the Settlement Fund shall be redistributed pursuant to Settlement Agreement, Paragraph 9.5.

10. This Court hereby dismisses all claims released in the Settlement Agreement on the merits and with prejudice and without awarding costs to any of the Parties as against any other settling Party, except as provided in the Settlement Agreement.

11. The Court grants final approval of the Settlement. This matter is dismissed with prejudice. This Court retains jurisdiction solely for the purpose of interpreting, implementing, and enforcing the Settlement Agreement consistent with its terms.

    12.    The Clerk is directed to enter judgment consistent with this order and close this file.

ENTERED: *February 3, 2015*

*/s/ Robert W. Gettleman*
Robert W. Gettleman
United States District Judge